UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN OLOHAN,<br><br>           Plaintiff,<br><br>  -against-<br><br>GOOGLE LLC and TIFFANY MILLER, individually,<br><br>           Defendants. | CASE NO. 1:22-CV-10163<br><br>GOOGLE LLC'S ANSWER AND AFFIRMATIVE DEFENSES |

Defendant Google LLC ("Defendant" or "Google"), by and through its undersigned counsel, Paul Hastings LLP, hereby submits this Answer to Plaintiff Ryan Olohan's ("Plaintiff's") Complaint. To the extent any unnumbered headings in the Complaint contain any factual allegations, Google denies each and all of them. Google answers each numbered allegation as follows:

1.      Google admits that Plaintiff purports to bring this action asserting claims as described in Paragraph 1 of the Complaint, but denies that Plaintiff has been harmed by Google's conduct. The remaining allegations in Paragraph 1 of the Complaint state a conclusion of law to which no response is required.

2.      Google admits that Google LLC is a limited liability company organized under the laws of the state of Delaware, with operations in New York, New York. Google further admits, upon information and belief, that Miller resides in New York, New York. The remaining allegation regarding jurisdiction in Paragraph 2 of the Complaint state a conclusion of law to which no response is required. Google lacks knowledge and information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 2 of the Complaint, and therefore denies them.

3. Paragraph 3 of the Complaint states a conclusion of law to which no response is required.

4. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's intent and future actions in Paragraph 4 of the Complaint, and therefore denies them.

5. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's intent and future actions in Paragraph 5 of the Complaint, and therefore denies them.

6. Google admits Plaintiff formerly held the corporate title of Managing Director – Food, Beverage & Restaurants. Google lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations regarding Plaintiff's state of residence in Paragraph 6 of the Complaint, and therefore denies them.

7. Paragraph 7 of the Complaint states a conclusion of law to which no response is required.

8. Google admits the allegations in Paragraph 8 of the Complaint.

9. Google admits the allegations in Paragraph 9 of the Complaint.

10. Google admits that it conducts business at 76 Ninth Avenue, New York, New York 10011, and for part of his employment with Google, Plaintiff worked from the 76 Ninth Avenue, New York, New York 10011 location. Except as expressly admitted herein, Google denies the remaining allegations in Paragraph 9 of the Complaint.

11. Google admits that Miller is an employee of Google and that she currently holds the title of Director, Programmatic Media. Except as explicitly admitted herein, Google denies the remaining allegations in Paragraph 11 of the Complaint.

12.     Google admits, upon information and belief, the allegations in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint states a conclusion of law to which no response is required.

14.     Google admits and alleges that Plaintiff was hired on or about January 8, 2007, as an Account Executive. Except as explicitly admitted herein, Google denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Google admits the allegations in Paragraph 15 of the Complaint.

16.     Google admits that for part of his employment with Google, Plaintiff worked from 76 Ninth Avenue, New York, New York 10011. Except as expressly admitted herein, Google denies the remaining allegations in Paragraph 16 of the Complaint.

17.     Google denies the allegations in Paragraph 17 of the Complaint.

18.     Google denies the allegations in Paragraph 18 of the Complaint.

19.     Google admits that Plaintiff's title changed from Account Executive to Senior Account Executive in 2008; from Senior Account Executive to Team Manager in CPG in 2009; from Team Manager to Industry Manager in 2009; from Industry Manager to Head of Industry CPG in 2010; from Head of Industry CPG to Sales Manager in 2011; from Sales Manager to Director, Sales in 2013; and from Director, Sales to DNU- Director, Sales in 2017. Except as expressly admitted herein, Google denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Google denies the allegations in Paragraph 20 of the Complaint.

21.     Google admits Plaintiff received an Impact Award. Except as expressly admitted herein, Google denies the remaining allegations in Paragraph 21 of the Complaint.

22. Google denies the allegations in Paragraph 22 of the Complaint.

23. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies them.

24. Google admits, on information and belief, the allegations in Paragraph 24 of the Complaint.

25. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies them.

26. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies them.

27. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies them.

28. Google admits, on information and belief, the allegations in Paragraph 28 of the Complaint.

29. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies them.

30. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies them.

31. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies them.

32. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies them.

33. Google denies the allegations in Paragraph 33 of the Complaint.

34. Google denies the allegations in Paragraph 34 of the Complaint.

35. Google denies the allegations in Paragraph 35 of the Complaint.

36. Google denies the allegations in Paragraph 36 of the Complaint.

37. Google denies that Plaintiff complained about or reported the alleged incident, and therefore admits that Google did not interview Plaintiff concerning the alleged incident. Except as expressly admitted herein, Google denies the remaining allegations in Paragraph 37 of the Complaint.

38. Google denies that Plaintiff complained about or reported the alleged incident, and therefore admits that Google did not have the opportunity to investigate the alleged incident. Except as expressly admitted herein, Google denies the remaining allegations in Paragraph 38 of the Complaint.

39. Google denies that Plaintiff complained about or reported the alleged incident, and therefore admits that Google did not have the opportunity to investigate the alleged incident. Except as expressly admitted herein, Google denies the remaining allegations in Paragraph 39 of the Complaint.

40. Google denies the allegations in Paragraph 40 of the Complaint.

41. Google denies the allegations in Paragraph 41 of the Complaint.

42. Google denies the allegations in Paragraph 42 of the Complaint.

43. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's state of mind in Paragraph 43 of the Complaint, and therefore denies them. Except as expressly admitted herein, Google denies the remaining allegations in Paragraph 43 of the Complaint.

44. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and therefore denies them.

45. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and therefore denies them.

46. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies them.

47. Google denies the allegations in Paragraph 47 of the Complaint.

48. Google denies the allegations in Paragraph 48 of the Complaint.

49. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore denies them.

50. Google denies the allegations in Paragraph 50 of the Complaint.

51. Google denies the allegations in Paragraph 51 of the Complaint.

52. Google denies the allegations in Paragraph 52 of the Complaint.

53. Google denies the allegations in Paragraph 53 of the Complaint.

54. Google denies the allegations in Paragraph 54 of the Complaint.

55. Google admits, on information and belief, the allegations in Paragraph 55 of the Complaint.

56. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and therefore denies them.

57. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and therefore denies them.

58. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore denies them.

59. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and therefore denies them.

60. Google denies the allegations in Paragraph 60 of the Complaint.

61. Google denies the allegations in Paragraph 61 of the Complaint.

62. Google denies the allegations in Paragraph 62 of the Complaint.

63. Google denies the allegations in Paragraph 63 of the Complaint.

64. Google denies the allegations in Paragraph 64 of the Complaint.

65. Google admits the allegations in Paragraph 65 of the Complaint.

66. Google admits that on or about August 5, 2022, Carlos Sousa, Cecilia Alvarez, and Adam Stewart held a videoconference with Plaintiff. Except as expressly admitted herein, Google denies the remaining allegations in Paragraph 66 of the Complaint.

67. Google denies the allegations in Paragraph 67 of the Complaint.

68. Google denies the allegations in Paragraph 68 of the Complaint.

69. Google restates and incorporates by reference, as if fully set forth herein, its responses to the allegations set forth in the preceding Paragraphs.

70. Google denies the allegations in Paragraph 70 of the Complaint.

71. Google denies the allegations in Paragraph 71 of the Complaint.

72. Google denies the allegations in Paragraph 72 of the Complaint.

73. Google denies the allegations in Paragraph 73 of the Complaint.

74. Google denies the allegations in Paragraph 74 of the Complaint.

75. Google denies the allegations in Paragraph 75 of the Complaint.

76. Google restates and incorporates by reference, as if fully set forth herein, its responses to the allegations set forth in the preceding Paragraphs.

77. Google denies the allegations in Paragraph 77 of the Complaint.

78. Google denies the allegations in Paragraph 78 of the Complaint.

79. Google denies the allegations in Paragraph 79 of the Complaint.

80. Google denies the allegations in Paragraph 80 of the Complaint.

81. Google denies the allegations in Paragraph 81 of the Complaint.

82. Google denies the allegations in Paragraph 82 of the Complaint.

83. Google denies the allegations in Paragraph 83 of the Complaint.

84. Google restates and incorporates by reference, as if fully set forth herein, its responses to the allegations set forth in the preceding Paragraphs.

85. Google denies the allegations in Paragraph 85 of the Complaint.

86. Google denies the allegations in Paragraph 86 of the Complaint.

87. Google denies the allegations in Paragraph 87 of the Complaint.

88. Google denies the allegations in Paragraph 88 of the Complaint.

89. Google denies the allegations in Paragraph 89 of the Complaint.

90. Google restates and incorporates by reference, as if fully set forth herein, its responses to the allegations set forth in the preceding Paragraphs.

91. Google denies the allegations in Paragraph 91 of the Complaint.

92. Google denies the allegations in Paragraph 92 of the Complaint.

93. Google denies the allegations in Paragraph 93 of the Complaint.

94. Google denies the allegations in Paragraph 94 of the Complaint.

95. Google denies the allegations in Paragraph 95 of the Complaint.

96. Google denies the allegations in Paragraph 96 of the Complaint.

97. Google restates and incorporates by reference, as if fully set forth herein, its responses to the allegations set forth in the preceding Paragraphs.

98. Google denies the allegations in Paragraph 98 of the Complaint.

99. Google denies the allegations in Paragraph 99 of the Complaint.

100. Google denies the allegations in Paragraph 100 of the Complaint.

101. Google denies the allegations in Paragraph 101 of the Complaint.

102. Google denies the allegations in Paragraph 102 of the Complaint.

103. Google denies the allegations in Paragraph 103 of the Complaint.

104. Google denies the allegations in Paragraph 104 of the Complaint.

105. Google restates and incorporates by reference, as if fully set forth herein, its responses to the allegations set forth in the preceding Paragraphs.

106. Google denies the allegations in Paragraph 106 of the Complaint.

107. Google denies the allegations in Paragraph 107 of the Complaint.

108. Google denies the allegations in Paragraph 108 of the Complaint.

109. Google denies the allegations in Paragraph 109 of the Complaint.

110. Google denies the allegations in Paragraph 110 of the Complaint.

111. Google restates and incorporates by reference, as if fully set forth herein, its responses to the allegations set forth in the preceding Paragraphs.

112. Google admits that Paragraph 112 of the Complaint accurately quotes New York Executive Law Section 296(6), but denies any violation of that Section or that any unlawful discriminatory practice took place.

113. Google admits that Paragraph 113 of the Complaint accurately quotes New York City Administrative Code Section 8-107(6), but denies any violation of that Section or that any unlawful discriminatory practice took place.

114. Google denies the allegations in Paragraph 114 of the Complaint.

115. Google denies the allegations in Paragraph 115 of the Complaint regarding any

violation of the NYSHRL and NYCHRL. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint regarding Miller's awareness, and therefore denies them. Except as expressly admitted herein, Google denies the remaining allegations in Paragraph 115 of the Complaint.

116. Google denies the allegations in Paragraph 116 of the Complaint.

117. Google denies the allegations in Paragraph 117 of the Complaint.

## RELIEF

Google denies that Plaintiff is entitled to any relief including the requested relief listed in subparagraphs A-H.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief, including injunctive or declaratory relief, can be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrines of estoppel, waiver, laches, bad faith and/or unclean hands.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, to the extent they were not asserted within the applicable statute of limitations.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, to the extent Plaintiff failed to mitigate any of the damages alleged in the Complaint.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff may not recover punitive damages because Google did not commit, nor did it authorize or ratify, any unlawful acts with willful, malicious, or reckless indifference to Plaintiff's protected rights. At all times relevant to the Complaint, Google had a good faith basis to believe that its actions and/or omissions were in compliance with the law.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Google had legitimate, non-discriminatory, and non-retaliatory reasons for its actions taken with respect to Plaintiff.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint, and each and every purported claim alleged therein, is barred because any recovery from Defendant would result in a Plaintiff's unjust enrichment.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Google's employment policies, practices, and procedures were job-related and consistent with business necessity.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Google exercised reasonable care to prevent and correct promptly harassing behavior, if any, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Google or otherwise to avoid harm.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the actions complained of were no more than petty slights or trivial inconveniences.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, if any improper, illegal, or discriminatory acts were taken against Plaintiff, such acts were independent, intervening, and unforeseeable acts; occurred outside the course and scope of that employee's employment and/or that agent's agency; were contrary to Google's policies; and were not condoned, ratified, confirmed, approved or acquiesced in by Google.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief against Google are barred, in whole or in part, to the extent his alleged damages are speculative, and his recovery of damages, if any, must be barred or reduced accordingly.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Any pain or suffering Plaintiff claims to have suffered was not reasonable or justified under the circumstances, and was not caused by Google.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Google neither engaged in the purported discrimination or retaliation (which it denies), nor did it aid, abet, encourage, incite, compel, coerce, condone, acquiesce, or approve of any alleged discrimination or retaliation.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of any actions or omissions on the part of Google.

\*   \*   \*

Google reserves the right, pending the completion of discovery, to assert any additional defenses that may exist. Google does not consent to the trial by jury of any issues not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice in its entirety and that Defendant be awarded its attorney's fees, costs, expenses, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 30, 2023

PAUL HASTINGS LLP

By: _____
Emily R. Pidot
Sara B. Tomezsko
Matthew S. Aibel
emilypidot@paulhastings.com
saratomezsko@paulhastings.com
matthewaibel@paulhastings.com
200 Park Avenue
New York, New York 10166
Phone: (212) 318-6000
Fax: (212) 319-4090

*Attorneys for Defendant*
GOOGLE LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this January 30, 2023, I caused a true and exact copy of the foregoing GOOGLE LLC'S ANSWER AND AFFIRMATIVE DEFENSES to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice and copies of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: January 30, 2023

_____
Emily R. Pidot