UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
           :

RYAN OLOHAN,            :  Case No. 1:22-cv-10163 (VEC)(LP)
           :
      Plaintiff,   :
           :  **TIFFANY MILLER'S ANSWER**
  – against –    :  <u>**AND AFFIRMATIVE DEFENSES**</u>
           :

GOOGLE LLC and TIFFANY MILLER,  :
individually,         :
           :
      Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendant Tiffany Miller ("Miller" or "Defendant"), by and through her undersigned attorneys, Zeisler PLLC, hereby submits this Answer to Plaintiff Ryan Olohan's ("Olohan's" or "Plaintiff's") Complaint. Miller answers each of the numbered paragraphs in Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

1.   This is not an action for sexual harassment, gender discrimination, race discrimination or retaliation as Olohan claims. Instead, this lawsuit is a fictional account crafted by Olohan to blame others for his own significant shortcomings in an effort to avoid the reality that Google – not Miller – fired Olohan based on his documented misconduct and "with cause after a thorough investigation of complaints by numerous employees," as Google has publicly stated. Olohan's attempts to recast himself as a victim are particularly ironic in light of his troubled tenure at Google, which was marked by repeated instances of misconduct toward women and subordinates. Miller, who was never Olohan's boss, not only vehemently denies that she engaged in any improprieties whatsoever in her interactions with Olohan, she also categorically denies that she had anything to do with his termination. Miller denies the allegations of paragraph 1 of the Complaint.

## JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2.      Plaintiff's jurisdictional allegation states a conclusion of law to which no response is required.  Miller admits that Plaintiff was employed in New York, New York.  Miller further admits that she resides in New York, New York, and that Defendant Google LLC ("Google") has operations in New York, New York, but Miller lacks knowledge and information sufficient to form a belief as to the truth of the remaining factual allegations in paragraph 2 of the Complaint, and on that basis denies them.

3.      Paragraph 3 of the Complaint states a conclusion of law to which no response is required.

4.      Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and on that basis denies them.

5.      Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis denies them.

## PARTIES

6.      Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis denies them.

7.      Paragraph 7 of the Complaint states a conclusion of law to which no response is required.

8.      Miller admits, upon information and belief, that Google is a Delaware limited liability company.  Miller lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint, and on that basis denies them.

9.      Miller admits the allegations in paragraph 9 of the Complaint.

10.   Miller admits that Google conducted business at 76 Ninth Avenue, New York, New York, 10011.  Miller lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint, and on that basis denies them.

11.   Miller admits that she currently holds the title of Director, Agency Partnerships at Google, and denies the remaining allegations in paragraph 11 of the Complaint.

12.   Miller admits the allegations in paragraph 12 of the Complaint.

13.   Paragraph 13 of the Complaint states a conclusion of law to which no response is required.

## FACTUAL BACKGROUND

14.   Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies them.

15.   Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies them.

16.   Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis denies them.

17.   Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies them.

18.   Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies them.

19.   Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis denies them.

20.   Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis denies them.

21.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and on that basis denies them.

22.     Miller denies that Olohan was highly regarded by his peers and employees.  Miller lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint, and on that basis denies them.

23.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and on that basis denies them.

24.     Miller admits the allegations in paragraph 24 of the Complaint.

25.     Miller denies the allegations in paragraph 25 of the Complaint.

26.     Miller denies the allegations in paragraph 26 of the Complaint.

27.     Miller denies the allegations in paragraph 27 of the Complaint.

28.     Miller admits the allegations in paragraph 28 of the Complaint.

29.     Miller admits the allegations in paragraph 29 of the Complaint.

30.     Miller denies the allegations in paragraph 30 of the Complaint.

31.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and on that basis denies them.

32.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and on that basis denies them.

33.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and on that basis denies them.

34.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and on that basis denies them.

35.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and on that basis denies them.

36.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and on that basis denies them.

37.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and on that basis denies them.

38.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and on that basis denies them.

39.     Miller denies that there was any conduct toward Plaintiff for which she would face repercussions, lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Complaint, and on that basis denies them.

40.     Miller denies the allegations in paragraph 40 of the Complaint.

41.     Miller denies the allegations in paragraph 41 of the Complaint.

42.     Miller denies the allegations in paragraph 42 of the Complaint.

43.     Miller denies the allegations in paragraph 43 of the Complaint.

44.     Miller admits that, during a discussion with co-workers at a Google-hosted work event in December 2021, she informed Plaintiff, in words or substance, that she appreciated the revenue growth their respective teams were driving for Google and approved of his leadership methods 70% of the time, but 30% of the time she disagreed with his leadership methods.  Miller denies the remaining allegations in paragraph 44 of the Complaint.

45.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and on that basis denies them.

46.     Miller denies the allegations in paragraph 46 of the Complaint.

47.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and on that basis denies them.

48.     Miller admits that she had a subsequent conversation with Plaintiff in which she apologized for raising Plaintiff's mistreatment of his co-workers in front of others, but Miller denies the allegation that she behaved inappropriately.  Miller lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the Complaint, and on that basis denies them.

49.     Miller admits that she had a subsequent conversation with Plaintiff in which she apologized for raising Plaintiff's mistreatment of his co-workers in front of others, but denies the remaining allegations in paragraph 49 of the Complaint.

50.     Miller denies the allegations in paragraph 50 of the Complaint.

51.     Miller denies the allegations in paragraph 51 of the Complaint.

52.     Miller denies the allegations in paragraph 52 of the Complaint.

53.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and on that basis denies them.

54.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and on that basis denies them.

55.     Miller admits that Adam Stewart and the CG&E Management Team held an offsite in or about April 2022.  Miller denies the remaining allegations in paragraph 55 of the Complaint.

56.     Miller denies the allegations in paragraph 56 of the Complaint.

57.     Miller denies the allegations in paragraph 57 of the Complaint.

58.     Miller denies the allegations in paragraph 58 of the Complaint.

59.     Miller denies the allegations in paragraph 59 of the Complaint.

60.     Miller denies that she did anything in connection with Olohan that would warrant Google taking action against her, and denies the allegations in paragraph 60 of the Complaint.

61.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint, and on that basis denies them.

62.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, and on that basis denies them.

63.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint, and on that basis denies them.

64.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint, and on that basis denies them.

65.     Miller admits, on information and belief, the allegations in paragraph 65 of the Complaint.

66.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint, and on that basis denies them.

67.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint, and on that basis denies them.

68.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint, and on that basis denies them.

## FIRST CAUSE OF ACTION

69.     Miller restates and incorporates by reference her responses to the allegations set forth in the preceding paragraphs, as if fully set forth herein.

70.     Miller denies the allegations in paragraph 70 of the Complaint.

71.     Miller denies the allegations in paragraph 71 of the Complaint.

72.     Miller denies the allegations in paragraph 72 of the Complaint.

73.     Miller denies the allegations in paragraph 73 of the Complaint.

74.     Miller denies the allegations in paragraph 74 of the Complaint.

75.     Miller denies the allegations in paragraph 75 of the Complaint.

## SECOND CAUSE OF ACTION

76.     The Second Cause of Action is not pleaded against Miller, however Miller restates and incorporates by reference her responses to the allegations set forth in the preceding paragraphs, as if fully set forth herein.

77.     Miller denies the allegations in paragraph 77 of the Complaint.

78.     Miller denies the allegations in paragraph 78 of the Complaint.

79.     Miller denies the allegations in paragraph 79 of the Complaint.

80.     Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint, and on that basis denies them.

81.     Miller denies the allegations in paragraph 81 of the Complaint.

82.     Miller denies the allegations in paragraph 82 of the Complaint.

83.     Miller denies the allegations in paragraph 83 of the Complaint.

## THIRD CAUSE OF ACTION

84.     Miller restates and incorporates by reference her responses to the allegations set forth in the preceding paragraphs, as if fully set forth herein.

85.     Miller denies that she took any wrongful actions toward Plaintiff, and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 of the Complaint, and on that basis denies them.

86.     Miller denies the allegations in paragraph 86 of the Complaint.

87.     Miller denies the allegations in paragraph 87 of the Complaint.

88.     Miller denies the allegations in paragraph 88 of the Complaint.

89.     Miller denies the allegations in paragraph 89 of the Complaint.

## FOURTH CAUSE OF ACTION

90.     Miller restates and incorporates by reference her responses to the allegations set forth in the preceding paragraphs, as if fully set forth herein.

91.     Miller denies the allegations in paragraph 91 of the Complaint.

92.     Miller denies the allegations in paragraph 92 of the Complaint.

93.     Miller denies the allegations in paragraph 93 of the Complaint.

94.     Miller denies the allegations in paragraph 94 of the Complaint.

95.     Miller denies the allegations in paragraph 95 of the Complaint.

96.     Miller denies the allegations in paragraph 96 of the Complaint.

## FIFTH CAUSE OF ACTION

97.     The Fifth Cause of Action is not pleaded against Miller, however Miller restates and incorporates by reference her responses to the allegations set forth in the preceding paragraphs, as if fully set forth herein.

98.     Miller denies the allegations in paragraph 98 of the Complaint.

99.     Miller denies that she took any wrongful actions toward Plaintiff, and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 99 of the Complaint, and on that basis denies them.

100.    Miller denies the allegations regarding a hostile work environment, and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 of the Complaint, and on that basis denies them.

101.    Miller lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint, and on that basis denies them.

102.    Miller denies the allegations in paragraph 102 of the Complaint.

103.    Miller denies the allegations in paragraph 103 of the Complaint.

104.    Miller denies the allegations in paragraph 104 of the Complaint.

## SIXTH CAUSE OF ACTION

105.    Miller restates and incorporates by reference her responses to the allegations set forth in the preceding paragraphs, as if fully set forth herein.

106.    Miller denies that she took any wrongful actions toward Plaintiff, and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106 of the Complaint, and on that basis denies them.

107.    Miller denies the allegations in paragraph 107 of the Complaint.

108.    Miller denies the allegations in paragraph 108 of the Complaint.

109.    Miller denies the allegations in paragraph 109 of the Complaint.

110.    Miller denies the allegations in paragraph 110 of the Complaint.

## SEVENTH CAUSE OF ACTION

111.    Miller restates and incorporates by reference her responses to the allegations set forth in the preceding paragraphs, as if fully set forth herein.

112.    Miller admits that paragraph 112 of the Complaint accurately quotes a portion of New York Executive Law Section 296(6), but denies any violation of that Section or that any unlawful discriminatory practice took place.

113.    Miller admits that paragraph 113 of the Complaint accurately quotes a portion of New York City Administrative Code Section 8-107(6), but denies any violation of that Section or that any unlawful discriminatory practice took place.

114.    Miller denies the allegations in paragraph 114 of the Complaint.

115.    Miller denies the allegations in paragraph 115 of the Complaint.

116.    Miller denies the allegations in paragraph 116 of the Complaint.

117.    Miller denies the allegations in paragraph 117 of the Complaint.

## CLAIM FOR RELIEF

Miller denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in paragraphs A through H.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands, laches, estoppel, waiver, and bad faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail because any damages alleged were proximately caused by Plaintiff's own conduct or the conduct of others and not by Miller.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there were legitimate, non-discriminatory, and non-retaliatory reasons for any actions taken with respect to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence to the extent that additional evidence of Plaintiff's misconduct was discovered after his termination.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they were not asserted within the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because Miller did not commit, aid, abet, authorize or ratify any unlawful acts with intentional, deliberate, willful, malicious or reckless disregard for Plaintiff's rights.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's conduct during his employment constituted a breach of his employment contract.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any recovery on the basis of Plaintiff's claims would result in an unjust enrichment to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent the damages claimed are speculative.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Miller are barred because Miller did not have the ability to take any adverse employment action against Plaintiff and did not take, aid, abet, or encourage any adverse employment action against Plaintiff.

## <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff has not suffered any damages as a result of any act or omission by Miller.

\*\*\*

Miller reserves the right to supplement her answer and/or affirmative defenses pending the completion of fact discovery in this action.  Miller does not consent to trial by jury of any issues not required by law to be tried to a jury including, but not limited to, determination of equitable remedies.

**WHEREFORE**, Miller respectfully requests that the Complaint be dismissed with prejudice, that Miller be awarded her attorneys' fees, costs, and expenses, and that the Court issue such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 9, 2023

ZEISLER PLLC


By: _/s/ Aaron M. Zeisler_____
    Aaron M. Zeisler
    Meghan H. Sullivan
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
Tel: (212) 671-1921
aaron@zeisler-law.com
meghan@zeisler-law.com

*Attorneys for Defendant Tiffany Miller*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this February 9, 2023, I caused a true and correct copy of the foregoing TIFFANY MILLER'S ANSWER AND AFFIRMATIVE DEFENSES to be filed electronically through the Court's electronic filing (CM/ECF) system and served by e-mail to all parties by operation of the Court's CM/ECF system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing, if any.  This filing may also be accessed through PACER or the Court's CM/ECF system.

Dated: February 9, 2023

    /s/ Aaron M. Zeisler
        Aaron M. Zeisler
