```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/21/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
RYAN OLOHAN, : 22 CIV 10163 (VEC) (KHP)
:
  Plaintiff, :
: **STIPULATION AND** ~~PROPOSED~~
  against : **PROTECTIVE ORDER**
:
GOOGLE LLC and TIFFANY :
MILLER, individually, :
:
  Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. Counsel for any party, or non-party, may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, information that the producing party is under a legal obligation to maintain as confidential, personnel records or personal information pertaining to current or former Google employees, or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The document or information designated by a party as Confidential (collectively "Confidential Information") disclosed will be held and used by the person receiving such Confidential Information solely for use in connection with the action.

3. In the event a party challenges another party's designation of a document or information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

LEGAL_US_E # 169450357.3

4. All Confidential Information shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. stenographic reporters, videographers and/or their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement attached to this Protective Order ("Agreement to be Bound");
   d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, and who have signed the Agreement to be Bound;
   e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);
   f. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:
   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign the Agreement to be Bound.

6. Counsel for any party, or non-party, may designate any document or information in whole or in part as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," if that party or non-party has a good faith belief that disclosure would create a substantial risk of serious harm that could not be avoided by less restrictive means.

7. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

   a. the Receiving Party's Outside Counsel of Record in this action, as well as Outside Counsel's employees and personnel;
   b. Experts retained by the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to be Bound";
   c. the Court and its personnel;
   d. stenographic reporters, videographers and their respective staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have

        signed the "Agreement to be Bound"; and

    e. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information, unless the Designating Party objects to the disclosure.

8. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

12. If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Agreement to Be Bound.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.


By: /s/ *Alex Rissmiller*
    Alex Rissmiller
    Rissmiller PLLC
    5 Pennsylvania Plaza, 19th Floor
    New York, NY 10001
    *Counsel for Plaintiff Ryan Olohan*

Dated: April 21, 2023

By: /s/ *Meghan H. Sullivan*
    Aaron M. Zeisler
    Meghan H. Sullivan
    45 Rockefeller Plaza, 20th Floor
    New York, NY 10011
    *Counsel for Defendant Tiffany Miller*

Dated: April 21, 2023


By: /s/ *Sara B. Tomezsko*
    Emily R. Pidot
    Sara B. Tomezsko
    Matthew S. Aibel
    200 Park Avenue
    New York, NY 10166
    (212) 318-6000
    *Counsel for ~~Defedant~~ Defendant Google LLC*

Dated: April 21, 2023

SO ORDERED

Dated: 04/21/2023
New York, New York

Hon. Valerie E. Caproni

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
                                                                      :
RYAN OLOHAN,                                                          :     22 CIV 10163 (VEC) (KHP)
                                                                      :
                                            Plaintiff,                :
                                                                      :
               against                                                :
                                                                      :
GOOGLE LLC and TIFFANY                                                :
 MILLER, individually,                                                :
                                                                      :
                                            Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
```

**Agreement to be Bound**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

LEGAL_US_E # 169450357.3