UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN OLOHAN,

    Plaintiff,

 -against-

GOOGLE LLC and TIFFANY MILLER, individually,

    Defendants.

**CASE NO. 1:22-CV-10163**

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. In addition, they shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf, within three days of submitting this Proposed Case Management Plan and Scheduling Order.*]

2. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __N/A__ days from the date of this Order. [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*] The parties exchanged documents and information pursuant to Pilot Discovery Protocols for Counseled Employment Cases, which satisfies the parties' obligations under Fed. R. Civ. P. 26(a)(1). (ECF No. 16)

4. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than __N/A__.

5. Discovery

  a. All fact discovery shall be completed no later than 120 days following the earlier of (1) a Rule 16 Conference or (2) the date this case management plan is so-ordered, if the Court determines no Rule 16 Conference is necessary. [*A date not more than*

2

    *120 days following the initial pretrial conference (or 90 days for IDEA fee-shifting cases). The fact discovery deadline is a **firm** deadline absent **extraordinarily** good cause.*]

    b. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than 165 days following the earlier of (1) a Rule 16 Conference or (2) the date this case management plan is so-ordered, if the Court determines no Rule 16 Conference is necessary. [*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 5(a) (i.e., the completion of all fact discovery).*]

    c. Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

    d. In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

6. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

    _____ Immediate referral to the District's Mediation Program

    _____ Immediate referral to a Magistrate Judge

    _____ Referral to the District's Mediation Program after the close of fact discovery

    _____ Referral to a Magistrate Judge after the close of fact discovery

    _____ Other

7. This case [is __X__ / is not _____] to be tried to a jury.

8. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

The parties anticipate submitting for the Court's review and order a proposed stipulation for the preservation, collection, and production of Electronically Stored Information.

9. This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10. The next pretrial conference is scheduled for _____ at _____ in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. [*Unless otherwise ordered, 10:00 a.m. on the first Friday after the deadline for completion of all fact discovery as set forth in paragraph 5(a).*]

    By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

    a. a statement of all existing deadlines, due dates, and/or cut-off dates;

    b. a brief description of any outstanding motions;

    c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

    d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

    g. any other issue that the parties would like to address at the pretrial conference; and

    h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

| Rissmiller PLLC | Paul Hastings LLP | Zeisler PLLC |
| Plaintiff Ryan Olohan | Defendant Google LLC | Defendant Tiffany Miller |

SO ORDERED.

Date: _____           _____
      New York, New York                VALERIE CAPRONI
                                        **United States District Judge**