**RISSMILLER PLLC**
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

June 15, 2023

**BY ECF**
The Honorable Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>Olohan v. Google LLC et al.; No. 22-cv-10163-VEC</u>

Dear Judge Caproni:

We write jointly on behalf of all parties in this matter pursuant to the Court's notice of a Rule 16 Initial Pretrial Conference (Dkt. No. 21) and June 13, 2023 Order (Dkt. No. 23).

**A brief description of the case, including the factual and legal bases for the claim(s) and defense(s)**

<u>Plaintiff's Statement</u>:

This is an action for sexual harassment, gender discrimination, race discrimination, and retaliation in violation of the New York State Human Rights Law and New York City Human Rights Law.[1]

Mr. Olohan excelled at Google for over 15 years, earning six promotions on his way to becoming Managing Director - Food, Beverage & Restaurants in 2019. The same year, he reported sexual harassment by individual Defendant Tiffany Miller. Google HR openly admitted to Mr. Olohan that if the complaint was "in reverse" — a female accusing a White male of harassment — that his complaint would have been escalated. Instead, the harassment continued unaddressed over the course of several years.

In 2022, Mr. Olohan's supervisor informed him that there were "too many white guys" on his management team, encouraged him to hire only female applicants and to replace a male member of his team with a female hire, and soon after terminated his employment. On the termination call, Google's Employee Investigations team explained that Mr. Olohan had shown favoritism towards high performers, which it considered "non-inclusive," and commented on employees' walking pace and hustle, which it considered "ableist."

---

[1] Mr. Olohan has filed a Charge of Discrimination, arising out of the facts described herein, with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. Upon receiving a Notice of Right to Sue from the EEOC, he will seek leave to amend his Complaint to add Title VII claims against Defendant Google.

Defendants' Statement:

Defendants deny Olohan's allegations, and Google is confident that it has treated Olohan fairly and has not violated the law in any respect. Google terminated Olohan's employment on August 5, 2022, after an internal investigation concluded he had violated multiple corporate policies. The termination decision had nothing to do with Olohan's race, gender, or alleged protected activity. Defendants deny that Olohan complained of sexual harassment in 2019 or at any other time. Defendant Miller, who was never Olohan's supervisor, denies harassing or retaliating against Olohan. Defendants further deny that Olohan experienced a hostile work environment.

Google has not received notice of Olohan's purported charge filed with the Equal Employment Opportunity Commission and reserves all rights to assert additional defenses to any Title VII claim Olohan may assert.

## Any contemplated motions

Plaintiff's Statement:

Plaintiff does not currently anticipate making any motions.

Defendants' Statement:

Defendants expect to file a motion for summary judgment following the conclusion of fact discovery. This statement is made without prejudice to later amendment or supplementation as the case proceeds through discovery.

## The basis for subject matter jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is a diversity of citizenship among the parties and Plaintiff has alleged that this action involves an amount in controversy in excess of $75,000, excluding interests and costs. Pursuant to Your Honor's Individual Practice 3(A)(ii)(b), Defendant Google states that is a limited liability company organized under the laws of the State of Delaware. Google's sole member is XVI Holdings Inc., which is incorporated under the laws of the state of Delaware.

## The prospect for settlement

The parties attended a mediation on May 31, 2023 but were unsuccessful in resolving any issue in the case. The parties do not believe that further attempts at alternative dispute resolution would be productive at this time.

**Whether the parties believe a Rule 16 conference would be helpful or whether they believe it is unnecessary and that their proposed Case Management Plan be so ordered**

The parties do not believe a Rule 16 conference is necessary and request that the proposed Case Management Plan submitted herewith be so-ordered.

***

Pursuant to the Court's June 13, 2023 Order, the parties jointly propose the following dates for a rescheduled Rule 16 conference, should the Court find one necessary: July 7, July 21, or July 28.

Respectfully submitted,

By: */s/ Alex Rissmiller*  
    Alex Rissmiller  
    Rissmiller PLLC  
    5 Pennsylvania Plaza, 19th Floor  
    New York, NY 10001  
    *Counsel for Plaintiff Ryan Olohan*

By: */s/ Meghan H. Sullivan*  
    Aaron M. Zeisler  
    Meghan H. Sullivan  
    45 Rockefeller Plaza, 20th Floor  
    New York, NY 10011  
    *Counsel for Defendant Tiffany Miller*

By: */s/ Emily R. Pidot*  
    Emily R. Pidot  
    Sara B. Tomezsko  
    Matthew S. Aibel  
    200 Park Avenue  
    New York, NY  10166  
    (212) 318-6000  
    *Counsel for Defendant Google LLC*