UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN OLOHAN,

              Plaintiff,

-against-

GOOGLE LLC and TIFFANY MILLER, individually,

              Defendants.

CASE NO. 1:22-CV-10163

ESI PLAN AND [PROPOSED] ORDER

**The parties in this action stipulate and agree that the following ESI Plan and [Proposed] Order shall govern the preservation, collection and production of electronically stored information and documents in this action.**

**(1)**     **Description of Claims/Counterclaims/Cross-Claims**:

    **(a)**     **Plaintiff's Estimated Monetary Damages and Description of Other Relief Sought**:

        Plaintiff seeks monetary damages, including substantial past and future lost earnings, non-monetary damages, including compensation for his emotional distress and reputational harm, punitive damages, attorney's fees, prejudgment interest, costs, and other relief as may be proper.

    **(b)**     **Defendants' Estimated Damages on any Counterclaim/Cross-Claims and Description of Other Relief Sought**:

        Dismissal of the Complaint, and any other relief the Court deems just and proper.

**By signing below, counsel for the parties confirm that they have factored in the potential damages and relief sought in this case, as well as the resources of the parties, to develop an ESI Plan that is proportional to the needs of this case.**

**(2)**     **Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(f), counsel for all parties met and conferred on January 30, 2023, March 21, 2023, April 13, 2023, May 4, 2023, May 19, 2023 and June 30, 2023.

**(3)**     **Preservation**.

    **(a)**     **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation.**

1

Parties have a common law obligation to take reasonable and proportionate steps to preserve discoverable information in the parties' possession, custody or control. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that the following data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced barring a specific need for such ESI, in which case the parties will meet and confer regarding its production prior to seeking judicial intervention:

1. backup systems and/or tapes used for disaster recovery;

2. logs of systems, servers and networks; and

3. systems no longer in use that cannot be accessed.

The parties further agree that in furtherance of the Federal Rules on proportionality, these categories of ESI need not be searched, collected or preserved. If a party articulates a specific need for such ESI during the course of discovery, the parties will meet and confer regarding its collection and production prior to seeking judicial intervention:

4. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

5. On-line access data such as temporary internet files, history, cache, cookies, and the like.

6. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

7. Automatically saved versions of documents and emails.

8. Voice messages and video and audio recordings other than those preserved in Google's e-mail system or on the mobile devices (including cloud backup) of Plaintiff and Defendant Tiffany Miller.

9. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

10. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

11. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

12. Data remaining from systems no longer in use that is unintelligible on the systems in use.

13. Information created or copied during the routine, good-faith performance of processes for the deployment, maintenance, retirement, and disposition of computer equipment.

The parties further agree that in furtherance of the Federal Rules on proportionality, Defendant Google need not search, collect or preserve the following categories of ESI. If a party articulates a specific need for such ESI, during the course of discovery, the parties will meet and confer regarding its collection and production prior to seeking judicial intervention:

14. Logs of calls made from mobile devices.

15. Deleted, slack, fragmented, or other data only accessible by forensics.

**(4) Collection**

**(a) State the extent to which the parties have agreed on the scope of documents to be collected (e.g., custodians and files/folders, servers, databases) for search and review and agreement on methods of collection**.

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request they will meet and confer concerning custodians and locations of ESI.

**(b) Source(s) of Electronically Stored Information. The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information: email, word processing documents, personal instant messages, websites, blogs, and personal social media.**

**Custodians.** Subject to any exclusions set forth herein, if proportionate to the needs of the case, as contemplated by Fed. R. Civ. P. 26(b)(1), the parties shall meet and confer to identify a reasonable number of custodians most likely to have discoverable information in their possession, custody or control.

**Non-custodial data sources.** Subject to any exclusions set forth herein, the parties agree to identify and collect non-custodial sources of data to the extent a party reasonably anticipates the source may contain non-duplicative, discoverable documents. The parties agree to limit the scope of discovery from non-custodial sources if it is unduly burdensome or otherwise disproportionate as contemplated by Fed. R. Civ. P. 26(b)(1).

3

        **Systems.** Defendant Google LLC's ESI searches will include all non-email Google messaging systems (e.g., Google Chat, "Gchat," or Google Hangout communications), and custodians' Google email accounts to the extent they are preserved. Google will produce screen shots of relevant text messages, to the extent they exist, pursuant to searches of an agreed-upon set of custodians' phones. Plaintiff and Defendant Miller will search their personal devices for responsive ESI pursuant to an agreed-upon ESI search protocol.

**(5)**    **Search and Review.** The parties will discuss methodologies or protocols for the search and review of electronically stored information, including the use and exchange of keyword search lists, custodians, and date restrictions.

**(6)**    **Production**

      **(a)**    **Timing of Production.**

            Subject to any exclusions set forth herein, if proportionate to the needs of the case, as contemplated by Fed. R. Civ. P. 26(b)(1), the parties shall meet and confer on the phasing of discovery and timing of the productions.

      **(b)**    **Form(s) of Production and Metadata to be produced**:

           **(1)**    **The parties have reached the following agreements regarding the form(s) of productions and metadata fields to be produced**:

                The parties agree to produce documents in TIFF file format unless otherwise noted herein. Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g., comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in either their native format or MS Excel, unless the file has been redacted, in which case the redacted file shall be produced in TIFF with OCR Text Files.

                If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

           **(2)**    **Methods to expedite review. The parties have discussed and agree to the following:**

                Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary files,

4

Dynamic Link Library, Event Log Files, Executables Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, MP3 Files, MP4 Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Quicktime Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Video Media Files, Waveform Audio File Format, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File.

A party should produce only a single copy of a responsive document, and a party must make reasonable efforts to de-duplicate responsive ESI across Custodians. A party must make reasonable efforts to also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive email in a thread will be produced. Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment.

**(3)** **Privileged Material**.

    **(a)** **Identification. The parties have agreed to the following method(s) for the identification and the redaction of privileged documents:**

If a party reasonably determines that one or more responsive documents are not discoverable because it is subject to the attorney-client communication privilege or work product doctrine, or otherwise not discoverable on the basis of a recognized protection or privilege (collectively, the "Privileges" and each a "Privilege"), the party shall use reasonable efforts to produce a log for each document or each category of documents withheld for privilege from that production.

Communications involving litigation counsel or experts retained for the purpose of this litigation that post-date the filing of the first-filed complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

    **(b)** **Inadvertent Production / Claw-Back Agreements. Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents:**

5

> Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, shall not constitute a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**(c)** **The parties have discussed a 502(d) Order, which is contained in the Protective Order submitted to the Court on April 21, 2023.**

**(4)** **Cost Allocation. The parties have considered cost-shifting or cost sharing and have reached the following agreements, if any**:

> After exhausting the meet and confer process, any party may move for a protective order pursuant to Federal Rule of Civil Procedure 26(c) allocating expenses for disproportionate ESI production requests or seek costs for a party's nonresponsive or dilatory discovery tactics.

**The preceding constitutes the agreement(s) reached between the parties to certain matters concerning electronic discovery as of this date. Counsel certify that in connection with preparation of this ESI Plan and [Proposed] Order they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating**

6

to electronic discovery, or have involved someone competent to address these issues on their behalf.

By: /s/ *Alex Rissmiller*
Alex Rissmiller
Rissmiller PLLC
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
*Counsel for Plaintiff Ryan Olohan*

Dated: August 1, 2023

By: /s/ *Aaron M. Zeisler*
Aaron M. Zeisler
Meghan H. Sullivan
45 Rockefeller Plaza, 20th Floor
New York, NY 10011
*Counsel for Defendant Tiffany Miller*

Dated: August 1, 2023

By: /s/ *Sara B. Tomezsko*
Emily R. Pidot
Sara B. Tomezsko
Matthew S. Aibel
200 Park Avenue
New York, NY 10166
(212) 318-6000
*Counsel for Defendant Google LLC*

Dated: August 1, 2023

SO ORDERED

Dated: 08/02/2023
New York, New York

Hon. Valerie E. Caproni