

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

September 6, 2023

**BY ECF**

The Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*As stated on the record at the September 12, 2023 conference, Plaintiff's motion to compel is GRANTED for documents through March 2023.*

*The parties shall order a copy of the conference transcript and file the transcript on the docket.*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J.*
*Date: September 13, 2023*

    Re:    <u>Olohan v. Google LLC et ano.</u>; No. 22-cv-10163-AS

Dear Judge Subramanian:

    I represent Plaintiff Ryan Olohan and write to address Defendants' refusal to search for and produce documents post-dating Plaintiff's pre-litigation demand letter. Before seeking the Court's intervention, I conferred with Lead Trial Counsel for each Defendant telephonically on August 25, 2023, at 11:00 am and 1:30 pm, for approximately 30 minutes each, as required by Your Honor's Individual Practice 5(B) in a good faith effort to resolve this dispute. The other participants of those conferences include Aaron Zeisler, Meghan Sullivan, Emily Pidot, and Matthew Aibel. I have informed those participants that, due to the impasse reached on this issue, Plaintiff would be requesting a conference with the Court.

**Background**

    Google terminated Mr. Olohan's employment on August 5, 2022, giving rise to the majority of claims underlying this employment discrimination action. (ECF 1 ¶ 65). Mr. Olohan sent a demand letter to Google on October 20, 2022, and commenced this action on November 30, 2022. Google maintains that the date of the demand letter is the appropriate cut-off date for their searches for ESI and responsive documents, whereas individual Defendant Tiffany Miller has agreed to conduct searches through the date the complaint was filed.

    Mr. Olohan initially sought responsive documents "through the present" but agreed to narrow the scope of those requests during the meet-and-confer process, proposing an end date of April 5, 2023 (eight months following the termination and approximately four months following the filing of the complaint). Defendants declined that proposal and are unwilling to further extend the time period for their searches absent the Court's intervention, necessitating this request.

**Responsive Communications Post-Dating the Complaint Are Discoverable**

    While Mr. Olohan's claims are premised on conduct occurring during and prior to the August 5, 2022 termination of his employment, Defendants' post-complaint communications

concerning the discrimination, sexual harassment, and retaliation alleged to have occurred pre-complaint are discoverable. *See, e.g.*, *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-CV-5649, 2022 WL 18027565, at *10 (S.D.N.Y. Dec. 30, 2022) (granting motion to compel in breach of contract context as "[c]ommon sense suggests that post-termination documents ... may also include discussions of relevant pre-termination events."). Insofar as these communications are responsive to Mr. Olohan's requests for the production of documents, which the parties have already extensively negotiated and narrowed based upon relevancy and other objections, they fall within the broad scope of discovery permitted under Rule 26(b). *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …"). It is clear that Defendants' communications relating to the harassment and termination at issue continued at least through January 2023. *See PRCM Advisers*, 2022 WL 18027565, at *10 (crediting "demonstrat[ion] that at least some post-termination documents are relevant to the parties' claims and defenses."). For example, on January 28, 2023 — two months post-complaint — Defendant Miller issued a public statement disputing the merits of Mr. Olohan's claims through a non-attorney "spokesman." (<u>Exhibit 1</u>). A Google spokesperson also issued a statement disputing the merits of Mr. Olohan's claims around the same time. *Id.* Non-privileged communications regarding these statements, and Defendants' account of the events underlying them, are directly relevant to their defenses and Mr. Olohan's claims. As are communications relating to any post-complaint investigation or disciplinary action concerning Ms. Miller, who defense counsel has represented remains employed with Google.

Any burden that production of non-privileged, responsive post-complaint communications would pose for Defendants would be minimal as the parties have already narrowed and agreed upon categories of responsive documents to be produced and ESI searches to be run. Further, the parties have agreed that "[c]ommunications involving litigation counsel or experts retained for the purpose of this litigation that post-date the filing of the first-filed complaint need not be placed on a privilege log." *See* ECF 29 ¶ 6(b)(3)(a)); *see also PRCM Advisers*, 2022 WL 18027565, at *10 ("[W]hile some of the otherwise-responsive post-termination documents may prove to be privileged, any additional burden flowing from that fact should be limited, because the parties are not required []to include on [] privilege log [pursuant to] ESI Protocol.").

### Conclusion

For these reasons, Plaintiff respectfully requests a conference with the Court to address his request for an order compelling Defendants to search for and produce non-privileged, responsive documents through April 5, 2023, or another post-complaint date the Court deems appropriate.

Respectfully submitted,

*/s/ Alex Rissmiller*
Alex Rissmiller

cc:   Counsel of record (via ECF)