**PAUL HASTINGS**

1(212) 318-6279
emilypidot@paulhastings.com

October 31, 2023

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl St., Courtroom 15A
New York, NY 10007
(212) 805-0238

Re:   *Olohan v. Google LLC et al.*; No. 22-cv-10163-AS

Dear Judge Subramanian,

We represent Google LLC in the above-referenced matter. We write to respectfully request that Google be granted leave to serve a subpoena on a witness Plaintiff identified in discovery, Bryant Key, at his current place of employment, and via email and certified mail to his home and work addresses.[1]

Google has diligently attempted personal service on Mr. Key, a resident of California. Plaintiff produced a declaration from Mr. Key concerning conduct allegedly relevant to Plaintiff's claims of retaliation. Since then, Google has attempted to personally serve Mr. Key with a subpoena for his testimony and related documents on ten occasions: August 7, 8, 9 (one attempt in the morning and one in the afternoon), 10, 26, 28, 29, 30, and 31, 2023. (Ex. A) Each attempt was unsuccessful. Plaintiff's counsel does not purport to represent Mr. Key and therefore cannot accept service on Mr. Key's behalf.

Service of a subpoena under Rule 45 of the Federal Rules of Civil Procedure requires "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Some courts have interpreted this language as requiring personal service, but courts more recently have authorized alternative service that is reasonably designed to ensure that a witness actually receives a subpoena. Compare Agran v. City of New York, No. 95 Civ. 2170(JFK), 1997 WL 107452, at *1 (S.D.N.Y. Mar. 11, 1997) (requiring personal service) with JPMorgan Chase Bank, N.A. v. IDW Grp., LLC, No. 08 CIV. 9116(PGG), 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (permitting service by substitute means after nine failed attempts at personal service). The party seeking service by alternative means must first demonstrate "a prior diligent attempt to personally serve." Kenyon v. Simon & Schuster, Inc., No. 16 Misc. 327 (P1), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016).

Alternative service at Mr. Key's place of employment with copies sent via certified mail to his work and home address comports with California state procedure allowing for substitute service if personal service is ineffective. See Cal. Code Civ. Proc. § 415.20(b) ("If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served … a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box."). Additional service via email is also reasonably calculated to provide Mr. Key with timely notice of his obligation to produce documents and appear for his deposition. See Tube City IMS, LLC v. Anza Cap. Partners, LLC, No. 14 CIV. 1783 (PAE), 2014 WL 6361746, at *3 (S.D.N.Y. Nov. 14, 2014)

---

[1] Google properly served a third-party subpoena on another former employee who also submitted a declaration, Beth Kenyon, on September 1, 2023, to which Ms. Kenyon has not yet responded. Google is in contact with Ms. Kenyon's counsel, and reserves the right to move to compel her production of documents and testimony if necessary.



(email service in conjunction with other methods considered adequate to ensure the non-party is reached).

Accordingly, Google respectfully requests leave to serve Mr. Key with a subpoena for his testimony and related documents at his current place of employment and via email and certified mail to his home and work addresses, in lieu of personal service. We thank the Court for its attention to this matter.

By: _____
Emily R. Pidot
Sara B. Tomezsko
Matthew S. Aibel
200 Park Avenue
New York, NY  10166
(212) 318-6000
*Counsel for Defendant Google LLC*

Dated: October 31, 2023

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 1, 2023

LEGAL_US_E # 174218343.4