> Defendant's motion is GRANTED insofar as Ms. Miller requests only provisional relief pending full briefing.
>
> The Clerk of Court is directed to place ECF No. 50-1 under seal pending further order of the Court and to terminate the motion at ECF No. 51.
>
> SO ORDERED.
>
> *Arun Subramanian, U.S.D.J.*
> Date: January 26, 2024

**ZEISLER PLLC**
ATTORNEYS AT LAW

45 ROCKEFELLER PLAZA
20TH FLOOR
NEW YORK, NY 10111

TEL: (212) 671-1921
FAX: (888) 229-1178
WWW.ZEISLER-LAW.COM

AARON M. ZEISLER
PARTNER

DIRECT: (917) 410-7712
E-MAIL: AARON@ZEISLER-LAW.COM

January 26, 2024

**Via ECF**

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: *Olohan v. Google LLC, et al.*, No. 1:22-cv-10163 (AS)

Dear Judge Subramanian:

We represent defendant Tiffany Miller in the above-referenced action. We write pursuant to Paragraphs 8(A) and 11 of the Court's Individual Practices in Civil Cases to respectfully request that the Court immediately seal a Confidential employment record of Ms. Miller's (ECF # 50-1), filed by plaintiff last night at 9:24 p.m. as an exhibit to a letter, in violation of the parties' Protective Order, paragraph 4 (ECF # 19).

We had initially produced this document to plaintiff's counsel, Alex Rissmiller, as "Highly Confidential-Attorneys' Eyes Only." When Mr. Rissmiller insisted that he needed to share this document with his client, we agreed to re-designate it as "Confidential" on the basis of plaintiff's counsel's assurances that it would not be made public. We also wrote Mr. Rissmiller on October 20 and specifically advised him that, given our expressed concerns regarding his client's past media campaign against Ms. Miller, we would treat any disclosure of the document as a violation of the Protective Order.

Moreover, plaintiff's counsel did not need to file the document itself in connection with his letter motion, but had he felt an urgent need to do so, he could have filed it under seal without prior permission from the Court as an employment record covered by the Court's Individual Practices Rules 11(A) and (B).

The undersigned counsel emailed Mr. Rissmiller this morning to raise this time-sensitive issue, and counsel for co-defendant Google and I called plaintiff's counsel two times but could not reach him. We respectfully request that the document be sealed by the Court immediately until the issue can be letter briefed and decided should plaintiff's counsel actually oppose its sealing.

Respectfully,

Aaron M. Zeisler

cc: All counsel of record