5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

February 9, 2024

**BY ECF**

The Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: <u>Olohan v. Google LLC et ano.; No. 22-cv-10163-AS</u>

Dear Judge Subramanian:

  I represent Plaintiff Ryan Olohan and write in opposition to Defendant Tiffany Miller's letter motion (ECF No. 58) to maintain as sealed the final written warning Google issued her in March 2023 for her violations of its Policy on harassment, discrimination, retaliation, standards of conduct, and workplace concerns. *See* ECF No. 50-1. The Court had previously granted provisional sealing of the document pending full briefing. *See* ECF No. 52. Defendant argues that filing the final written warning violated the Confidentiality Stipulation and Protective Order agreed upon by the parties, that Mr. Olohan has disavowed his allegations against Ms. Miller by virtue of his deposition testimony, and that Ms. Miller's privacy interests outweigh the presumption of public access to court documents.

**Filing of the final written warning did not violate the Confidentiality Order.**

  Defendants' designation of the final written warning as confidential did not require that it be filed under seal. *See* Stipulation and Protective Order at ECF No. 19 ¶ 11 ("Notwithstanding the designation of information as 'Confidential' in discovery, there is no presumption that such information shall be filed with the Court under seal."); ¶ 4(e) (permitting Confidential Information to be disclosed to the Court). Because Defendants designated their entire document productions confidential (or attorney's eyes only), their position would entail that all discovery in this case be filed under seal, a result this Court has declined to adopt based on a confidentiality agreement alone. *See, e.g.*, *Homeward Residential, Inc. v. Sand Canyon Corp.*, No. 12-CV-5067, 2019 WL 5634171, at *8 n.1 (S.D.N.Y. Oct. 31, 2019) ("[M]ere agreement between the parties to keep a document confidential is not sufficient to keep a 'judicial document' sealed or redacted.") (citing *United States v. Wells Fargo Bank N.A.*, No. 12-CV-7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (collecting cases)).

**Mr. Olohan has not disavowed his claims against Ms. Miller.**

  In support of her motion to seal, Defendant relies on portions of Mr. Olohan's deposition testimony to argue that he has disavowed his claims. ECF No. 58 at 2. Although the Court's

evaluation of the merits of Mr. Olohan's claims would be premature at this point in the case, Defendant's characterization should also be rejected for purposes of this motion because it misstates the testimony and applicable legal standard.[1] Defendant highlights Mr. Olohan's testimony that Ms. Miller did not proposition him (ECF No. 58-1), arguing that it renders his sexual harassment claims meritless. But an explicit proposition for sex is not the only actionable form of sexual harassment. *See Gallagher v. Delaney*, 139 F.3d 338, 346 (2d Cir. 1998) (observing that "requests for sexual activity are not always made explicitly …"). Implicit sexual advances through touching and sexually suggestive comments are also actionable. *See Newsday v. Long Island Typographical Union*, 915 F.2d 840, 844 (2d Cir. 1990) ("[U]nwelcome, intentional touching of a charging party's intimate body areas is sufficiently offensive to alter the conditions of her working environment and constitute a violation of Title VII. More so than in the case of verbal advances or remarks, a single unwelcome physical advance can seriously poison the victim's working environment.") (quoting *EEOC Policy Guidance: Sexual Harassment*). Mr. Olohan's extensive testimony that Ms. Miller's touching and sexually suggestive comments were unwelcome and offensive in no way disavows his claims.

### Ms. Miller has not articulated specific privacy interests sufficient to overcome the presumption of public access to the final written warning.

Defendant offers a single justification for why she has overcome the presumption of public access with respect to the final written warning: that her privacy rights outweigh the public interest at the pre-dispositive-motion stage of the litigation.[2] ECF No. 58 at 3. But for "filings submitted in connection with discovery disputes … a court must still articulate *specific and substantial reasons* for sealing such material …" *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (vacating order denying motion to unseal) (emphasis added). The conclusory assertion that privacy rights take precedent before the summary judgment stage does not meet this standard. *Id*; *see also Bower v. Sewanhaka Cent. High Sch.*, No. 20-CV-1491, 2020 WL 6161256 (E.D.N.Y. Oct. 21, 2020) (rejecting "conclusory statement that the case 'consists of allegations of sexual harassment' that are 'highly sensitive and uniquely private to the parties'" in denying motion to seal); *Loomis Sayles Tr. Co. v. CitiGrp. Glob. Mkts.*, No. 22-CV-6706, at *2 (S.D.N.Y. July 28, 2023) ("In weighing the presumption against competing considerations, a court can seal documents only 'if *specific, on the record findings* are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'") (quoting *Lugosch*, 435 F.3d at 119) (emphasis added).

---

[1] To the extent the Court intends to weigh the veracity of the harassment claims against Ms. Miller on this motion, Plaintiff requests leave to supplement his opposition with the interview notes of another Google employee who raised harassment claims against Ms. Miller in 2018 and the affidavit of a third former employee regarding Ms. Miller's inappropriate touching of junior team members and sexually suggestive comments dating back over a decade.

[2] Defendant correctly notes that a higher standard of review applies to sealing documents filed in connection with dispositive motions. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). If Defendant's motion is granted, the Court would therefore have to revisit the propriety of the sealing in June when the document is filed in connection with Mr. Olohan's opposition to Defendants' anticipated motions for summary judgment. *See* ECF No. 48.

  For these reasons, Plaintiff requests that the Court deny Defendant's motion to maintain sealing over the final written warning.

            Respectfully submitted,

            */s/ Alex Rissmiller*
            Alex Rissmiller

cc: Counsel of record (via ECF)

---

The Court will strike Dkt. 50-1 from the record. The parties agreed in their protective order that documents marked "confidential" could only be shared with a limited number of people. Dkt. 19 ¶ 4. Before filing the document, Plaintiff was required to follow the procedure described in paragraph 11 of the Court's Individual Practices. This included meeting and conferring with opposing counsel in advance of filing the document. The Court takes no position on whether Dkt. 50-1 should ultimately be filed under seal. Instead, the Court strikes the document based on the Court's inherent authority to manage its own docket. *See Blatt v. City of New York*, 2019 WL 1367605, at *3 (S.D.N.Y. Mar. 26, 2019).

The Court also reserves ruling about whether Dkt. 59 or 60 should be sealed. If either party wishes to submit these documents in support of a motion, they may do so by following the procedures described in paragraph 11 of the Court's Individual Practices. The Court sees no reason to rule on whether these documents should be sealed at this stage, when they have not been submitted in support of any motion.

The Clerk of Court is directed to strike Dkt. 50-1 from the docket and terminate the motion at Dkt. 58.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 13, 2024