

**5 PENNSYLVANIA PLAZA, 19TH FLOOR**
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

February 9, 2024

**BY ECF**

The Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Plaintiff's application is DENIED for failure to meet and confer in good faith. The parties should meet and confer in earnest, pursuant to the Court's Individual Practices. If an impasse is reached, Plaintiff may resubmit his letter motion, hopefully on a substantially narrowed set of documents.
>
> The Clerk of Court is directed to terminate the motion at ECF No. 65.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: February 14, 2024

Re: Olohan v. Google LLC et ano.; No. 22-cv-10163-AS

Dear Judge Subramanian:

    I represent Plaintiff Ryan Olohan and write to request a conference with the Court seeking an order compelling Defendant Tiffany Miller to produce portions of communications with her media consultants, husband, and attorneys concerning media coverage of this lawsuit, which have been redacted on the basis of attorney work product and attorney client privilege. Before seeking the Court's intervention, I conferred with defense counsel telephonically on multiple occasions concerning the redactions and claims of privilege at issue, including for approximately 30 minutes on December 13, 2023, as required by Your Honor's Individual Practice 5(B) in a good faith effort to resolve this dispute. The other participants of those conferences include Aaron Zeisler and Meghan Sullivan. Since those conferences, Defendant has re-produced the communications. The vast majority of the redactions at issue remain, however, necessitating this motion. I have informed defense counsel that, due to the impasse reached on this issue, Plaintiff would be requesting a conference with the Court.

    This dispute was also raised on the record during the January 19, 2024 Conference before the Court, during which the Court ordered that Plaintiff was required to produce portions of attorney communications with third-party affiants he had asserted attorney work product privilege over, including draft affidavits. *See* ECF No. 46.

    The communications being withheld involve Evan Siegfried and Andrea Calise, who Defendant has identified as her media consultants, Defendant's spouse, and lawyers, Aaron Zeisler and Meghan Sullivan. *See* Exhibit 1. They all post-date the November 30, 2022 filing of the Complaint. *Id.* The redactions — which span hundreds of pages of Defendant's production — pertain to media coverage of this lawsuit and responses to related media inquiries. *See* representative sample attached as Exhibit 2.[1]

---

[1] A compilation of all redactions at issue is also available for the Court's consideration to the extent relevant to its determination.

Most of the redacted communications are between Ms. Miller and her media consultants, merely copying her attorneys. *See, e.g.*, Exhibit 2 at TM-U_00164-167. But "it is well-established that merely copying a lawyer on a communication does not render it privileged." *Hayden v. Int'l Bus. Machs. Corp.*, No. 21-CV-2485, 2023 WL 4622914, at *8 (S.D.N.Y. July 14, 2023) (citing *In re Signet Jewelers Ltd. Sec. Litig.*, 332 F.R.D. 131, 136 (S.D.N.Y. 2019), *aff'd*, 2019 WL 5558081 (S.D.N.Y. Oct. 23, 2019)). And because the unredacted portions of the documents demonstrate that the communications at issue pertain to responding to media inquiries, they are not privileged as attorney work product. *See Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 78 (S.D.N.Y. 2010) ("Generally, 'public relations advice, even if it bears on anticipated litigation, falls outside the ambit' of the work product doctrine.") (quoting *Calvin Klein Trademark Trust v. Wachner,* 198 F.R.D. 53, 55 (S.D.N.Y. 2000)); *see also Rivastigmine Patent Litig.,* 237 F.R.D. 69, 75 (S.D.N.Y. 2006) (holding that communication "concern[ing] media and business matters … must be disclosed") (citing *Burroughs Wellcome Co. v. Barr Laboratories, Inc.*, 143 F.R.D. 611, 619 (E.D.N.C.1992) ("[H]andling publicity and dealing with the media are typically business concerns.").

For the same reason, the withheld communications between Ms. Miller and her attorneys, which are part of the same discussions about media inquiries, are not protected from disclosure under the attorney client privilege. *See United States v. Klein*, No. 16-CR-442, at *6 (E.D.N.Y. Feb. 28, 2017) ("The Court recognizes this proposition as axiomatic: the attorney-client privilege extends only to communications that have the purpose of providing or obtaining legal advice and does not bar disclosure of a document simply because it is a communication involving an attorney."). There is no indication that any of the communications relate to seeking or providing legal advice. Given the disclosure of the materials to the media consultants and, in certain instances, Ms. Miller's spouse, attorney client privilege would in any event be waived. *See Rekor Sys. v. Loughlin*, No. 19-CV-7767, at *3 (S.D.N.Y. Feb. 10, 2023) ("It is well-established that voluntary disclosure of confidential material to a third party waives any applicable attorney-client privilege.") (quoting *Schanfield v. Sojitz Corp. of America*, 258 F.R.D. 211, 214 (S.D.N.Y. 2009)).

For these reasons, Plaintiff requests a conference with the Court to seek an order compelling Ms. Miller to produce unredacted version of the communications at issue and any further relief that the Court deems appropriate.

                                                    Respectfully submitted,

                                                    */s/ Alex Rissmiller*
                                                    Alex Rissmiller

cc:     Counsel of record (via ECF)