

**RISSMILLER** PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

February 26, 2024

**BY ECF**

The Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Olohan v. Google LLC et ano.; No. 22-cv-10163-AS</u>

Dear Judge Subramanian:

      I represent Plaintiff Ryan Olohan and write pursuant to the Court's Order (ECF No. 70) to resubmit his request for a conference seeking an order compelling Defendant Tiffany Miller to produce portions of communications with her media consultants, husband, and attorneys concerning media coverage of this lawsuit, which have been redacted on the basis of attorney work product and attorney client privilege. The parties met and conferred telephonically on February 16, 2024, at 11:00 am for approximately 45 minutes as required by the Court's Order and Your Honor's Individual Practice 5(B) in a good faith effort to resolve this dispute. The participants of that conference include the undersigned, Aaron Zeisler, and Meghan Sullivan. While the parties substantially narrowed the communications at issue, an impasse has been reached regarding the remaining communications, necessitating this motion. I have informed defense counsel that, due to the impasse reached on this issue, Plaintiff would be requesting a conference with the Court.

      The communications being withheld involve Evan Siegfried and Andrea Calise, who Defendant has identified as her media consultants, Defendant's spouse, and lawyers, Aaron Zeisler and Meghan Sullivan. *See* <u>Exhibit 1</u> (privilege log); <u>Exhibit 2</u> (redactions). They all pertain to media coverage of this lawsuit and responses to related media inquiries, and post-date the November 30, 2022 filing of the Complaint. *Id.*

      Most of the redacted communications are between Ms. Miller and her media consultants, merely copying her attorneys. *See, e.g.*, Exhibit 2 at TM-U_00164-167. But "it is well-established that merely copying a lawyer on a communication does not render it privileged." *Hayden v. Int'l Bus. Machs. Corp.*, No. 21-CV-2485, 2023 WL 4622914, at *8 (S.D.N.Y. July 14, 2023) (citing *In re Signet Jewelers Ltd. Sec. Litig.*, 332 F.R.D. 131, 136 (S.D.N.Y. 2019), *aff'd*, 2019 WL 5558081 (S.D.N.Y. Oct. 23, 2019)). And because the unredacted portions of the documents demonstrate that the communications at issue pertain to responding to media inquiries, they are not privileged as attorney work product. *See Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 78 (S.D.N.Y. 2010) ("Generally, 'public relations advice, even if it bears on anticipated litigation, falls outside the ambit' of the work product doctrine.") (quoting *Calvin*

*Klein Trademark Trust v. Wachner,* 198 F.R.D. 53, 55 (S.D.N.Y. 2000)); *see also Rivastigmine Patent Litig.*, 237 F.R.D. 69, 75 (S.D.N.Y. 2006) (holding that communication "concern[ing] media and business matters … must be disclosed") (citing *Burroughs Wellcome Co. v. Barr Laboratories, Inc.*, 143 F.R.D. 611, 619 (E.D.N.C.1992) ("[H]andling publicity and dealing with the media are typically business concerns.").

      The sole authority Defendant previously cited in her opposition (ECF No. 69 at 2), *Haugh v. Schroder Inv. Mgmt. N. Am. Inc.*, No. 02-CV-7955, 2003 WL 21998674 (S.D.N.Y. Aug. 25, 2003), is inapposite because the media consultant at issue in *Haugh* was also a lawyer, whose retention agreement with the plaintiff included "provid[ing] us advice to assist us in providing legal services to Ms. Haugh … our communications with you are confidential and privileged." *Haugh*, 2003 WL 21998674, at *3. In her dual role as media consultant and lawyer, she attended "meetings [] to discuss [Plaintiff]'s claims and to develop a litigation and media strategy … [and] reviewed materials received from [Plaintiff] not only from the standpoint of public relations but, most importantly, for impact on litigation strategy." *Id.* Moreover, the communications at issue in *Haugh* pre-dated the filing of the complaint and were accordingly found to have been created "in anticipation of litigation," in contrast to the post-complaint communications at issue here.

      The withheld communications between Ms. Miller and her attorneys (Exhibit 2 at TM-U_00067, 164, 165), which are part of the same discussions about media inquiries, are similarly not protected from disclosure under the attorney client privilege. *See United States v. Klein,* No. 16-CR-442, at *6 (E.D.N.Y. Feb. 28, 2017) ("The Court recognizes this proposition as axiomatic: the attorney-client privilege extends only to communications that have the purpose of providing or obtaining legal advice and does not bar disclosure of a document simply because it is a communication involving an attorney."). There is no indication that any of the communications relate to seeking or providing legal advice. Given the disclosure of the materials to the media consultants and, in certain instances, Ms. Miller's spouse, attorney client privilege would in any event be waived. *See Rekor Sys. v. Loughlin,* No. 19-CV-7767, at *3 (S.D.N.Y. Feb. 10, 2023) ("It is well-established that voluntary disclosure of confidential material to a third party waives any applicable attorney-client privilege.") (quoting *Schanfield v. Sojitz Corp. of America,* 258 F.R.D. 211, 214 (S.D.N.Y. 2009)).

      The attorney-client privilege asserted over defense counsel's communication with Ms. Miller's spouse (Exhibit 2 at TM-U_00021) should also be rejected because he has not been identified as a client or prospective client, but only as a "spouse" for purposes of the martial communication privilege. *See* Exhibit 1. Nor is the communication at issue included in any description included in the log. *Id.*; *see Universal Standard Inc. v. Target Corp.*, 331 F.R.D. 80 (S.D.N.Y. 2019) (finding waiver based upon deficient privilege log) (collecting cases).

      For these reasons, Plaintiff requests a conference with the Court to seek an order compelling Ms. Miller to produce unredacted versions of the communications at issue and any further relief that the Court deems appropriate.

Respectfully submitted,

*/s/ Alex Rissmiller*
Alex Rissmiller

cc: Counsel of record (via ECF)

Defendant Tiffany Miller should provide any response to Plaintiff's motion no later than February 29, 2024 at 5PM. In addition, by the same deadline, Miller should email to the Court unredacted versions of any documents that she is withholding or redacting for in camera review.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 27, 2024