UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN OLOHAN,

                        Plaintiff,

-against-

GOOGLE LLC and TIFFANY MILLER,

                        Defendants.

22-cv-10163 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

      Plaintiff Ryan Olohan moves to compel production of unredacted versions of five documents produced by Defendant Tiffany Miller. Miller claims that the redacted portions of the documents were properly withheld based on attorney-client or work product privilege. The Court reviewed the documents *in camera* and finds as follows:

      **TM_0021 must be produced in unredacted form**: Miller claims that TM_0021 redacts "legal advice" from her attorney to her husband. Dkt. 75 at 1. But even assuming the redacted content was privileged, any privilege was lost when Miller forwarded the email to her friend. *See In re Horowitz*, 482 F.2d 72, 81 (2d Cir. 1973) ("[S]ubsequent disclosure to a third party by the party of a communication with his attorney eliminates whatever privilege the communication may have originally possessed, whether because disclosure is viewed as an indication that confidentiality is no longer intended or as a waiver of the privilege."); *In re The Rsrv. Fund Sec. & Derivative Litig.*, 2010 WL 11248673, at *9 (S.D.N.Y. Nov. 30, 2010) ("[E]-mails that were forwarded to third parties-which must be produced because transmission to a third party destroys the privilege.").

      **TM_U-00067 must be produced in unredacted form**: Miller claims that TM_U-00067 redacts "legal advice" and Miller's "response reflecting actions taken pursuant to that advice." Dkt. 75 at 1. The Court disagrees. Any attorney-client privilege was waived when these documents were shared with Miller's media consultants. *See Haugh v. Schroder Inv. Mgmt. N. Am. Inc.*, 2003 WL 21998674, at *3 (S.D.N.Y. Aug. 25, 2003). And the emails were "made by counsel regarding press coverage that the lawsuits could attract and how press calls should be handled" and therefore "fall[ ] outside the ambit of the work product doctrine." *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 78 (S.D.N.Y. 2010) (internal quotation marks omitted).

      **TM_00278 does not need to be produced in unredacted form:** TM_00278 reflects Miller's impressions and thoughts and appears to have been prepared in anticipation of litigation. The document is thus covered by work-product privilege, which is not waived "simply because the attorney provides the work-product to a public relations consultant whom he has hired and who maintains the attorney's work-product in confidence." *Calvin Klein Trademark Tr. v. Wachner*,

198 F.R.D. 53, 55 (S.D.N.Y. 2000). Nor was privilege waived because the email was shared with Miller's spouse. *See Shih v. Petal Card, Inc.*, 565 F. Supp. 3d 557, 573 (S.D.N.Y. 2021).

**TM_0164 and TM_00262 must be produced in partially unredacted form:** TM_00164 and TM_00262 redact emails from Miller, her attorney, and her media consultants. While Miller characterizes these emails as relating to "legal advice," much of these exchanges appear to be related solely to Miller's media strategy. As explained above, such communications fall outside the scope of both the work-product and attorney-client privileges. *See Gucci*, 271 F.R.D. at 78.

However, the following portions of Miller's communications contain factual matter or Miller's mental impressions shared because of the pending lawsuit and therefore do not need to be produced: (1) Miller's emails on January 29, 2023, at 11:54 AM and 12:34 PM in TM_0164 and (2) the first and third items in the list in TM_00262.

The Clerk of Court is directed to terminate the motion at Dkt. 73.

SO ORDERED.

Dated: March 4, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge