

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Alex Rissmiller**
arissmiller@rissmiller.com

March 26, 2024

**BY ECF**

The Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Olohan v. Google LLC et ano.; No. 22-cv-10163-AS</u>

Dear Judge Subramanian:

      I represent Plaintiff Ryan Olohan and write in opposition to Defendant Google LLC's letter motion (ECF No. 79) to strike the affidavit of non-party witness Bryant Key. Google argues that striking the affidavit or precluding its consideration is warranted because Mr. Key did not appear for his deposition and because the affidavit lacks probative value. *Id.*

      Preclusion is considered an "'extreme sanction,' and courts are obligated to 'consider less drastic responses' before precluding documentary evidence or testimony." *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 51 (S.D.N.Y. 2014) (quoting *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988)). A single deposition non-appearance does not warrant preclusion where no subsequent efforts to compel compliance are made. *Compare You Qing Wang v. X B B, Inc.*, No. 18-CV-7341, 2021 U.S. Dist. LEXIS 150127 (E.D.N.Y. Aug. 10, 2021) (declining to impose "extreme sanction" of preclusion based upon third party's non-appearance at deposition because "Plaintiff could have moved to compel their compliance") *with Lewis v. City of New York*, No. 12-CV-4433, 2013 WL 6283507, at *2 (S.D.N.Y. Dec. 4, 2013) (precluding testimony where witness "failed to appear for a deposition on a total of six different occasions" even after court ordered compliance and warned preclusion would otherwise result).

      The Court should accordingly reject Google's assumption that Mr. Key would not comply if compelled to appear for his deposition. *See You Qing*, 2021 U.S. Dist. LEXIS 150127, at *2 ("Plaintiff asks the Court to assume that neither witness would have complied with a subpoena even under threat of contempt … Plaintiff may be right that neither potential witness would have appeared for a deposition, but Plaintiff did not try and thus has forfeited the right to preclude …"). That assumption is called into question by Mr. Key's full compliance with Google's document subpoena, producing hundreds of documents responsive to seven categories of documents sought, and cooperation with defense counsel in scheduling his deposition. *See* ECF No. 79-1, 79-4.

      While Google did not include the affidavit at issue as part of its letter motion, it contends that, based upon selected excerpts, "the affidavit should be stricken because of its lack of

probative value." *Id.* at 3. If the affidavit lacked probative value, Google would not be prejudiced by its consideration at the summary judgment stage. Several facts set forth in the affidavit do, however, mirror Mr. Olohan's allegations: inappropriate race-based comments by the individual Defendant and retaliation by the individual Defendant following a complaint raised against her. *See, e.g.*, *Leibovitz v. New York City Transit Authority*, 252 F.3d 179, 190 (2d Cir. 2001) ("[W]e recognize that evidence of harassment directed at other co-workers can be relevant to an employee's own claim of hostile work environment discrimination.").

For these reasons, the Court should deny Google's motion to strike.

Respectfully submitted,

*/s/ Alex Rissmiller*
Alex Rissmiller

cc:   Counsel of record (via ECF)

The parties should reschedule Mr. Key's deposition to occur within the next two weeks. If Mr. Key is unable to sit for a deposition, the Court will not consider Mr. Key's affidavit in resolving any summary judgment motions.

The Clerk of Court is directed to terminate the motion at ECF No. 79.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 27, 2024